UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BUTLER,<br><br>          Plaintiff,<br><br>     v.<br><br>C R BARD INCORPORATED, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00442-DAD-BAM<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY A COURT ORDER RE NON-ADMITTED COUNSEL<br><br>(Doc. Nos. 8, 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On March 26, 2020, this case was transferred to this Court from the United States District Court for the District of Arizona. (Doc. No. 6.) On March 26, 2020, the Clerk of Court issued a notice directing counsel Rhett A. McSweeney to submit a pro hac vice application to practice in this District. (Doc. No. 8.) On April 13, 2020, the Court directed the parties to promptly address as appropriate any counsel identified on the docket who have not been terminated and are not admitted to practice before the Court. (Doc. No. 19.)

Local Rule 180 governs admission of attorneys to practice before this Court. "Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California." L.R. 180(a). Each applicant for admission must present to the Clerk a Petition by Attorney for Admission to Practice before the Eastern District which complies with the requirements of Local Rule 180(a). Attorneys who are not active members in good standing of the State Bar of California may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case pro hac vice. *Id.* at 180(b)(2). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of

any and all sanctions authorized by statute or Rule or within the inherent power of the Court. *Id.* at 110.

Plaintiff has not complied with the Court's order directing the parties to appropriately address any counsel who have not been terminated and are not admitted to practice before the Court. Specifically, a review of the docket and Court records indicates that counsel Rhett A. McSweeney has not submitted a Petition by Attorney for Admission to Practice before the Eastern District or filed an application for admission to practice pro hac vice in this case and has not been terminated as counsel of record for Plaintiff. *See* L.R. 182.

Accordingly, David M. Langevin, Rhett A. McSweeney, and Troy Alexander Barnes, counsel for Plaintiff, are HEREBY ORDERED TO SHOW CAUSE why sanctions should not be imposed for failure to comply with the Court's orders.  A written response to this order to show cause shall be filed within **fourteen (14) days** of service of this order.  If appropriate steps are taken to terminate Rhett A. McSweeney as counsel of record for Plaintiff or if Mr. McSweeney seeks admission, either by submitting a Petition by Attorney for Admission to Practice before the Eastern District or filing an application for admission to practice pro hac vice and paying the applicable fee and by registering for CM/ECF, within **fourteen (14) days** of service of this order, then no written response will be required.

The Clerk of Court is directed to mail serve a copy of this Order to Show Cause on Rhett A. McSweeney at the offices of McSweeney/Langevin Law Firm, 2116 2nd Avenue South, Minneapolis, MN 55404.

**<u>Failure to respond to this order to show cause may result in the imposition of sanctions on counsel or parties who contributed to violation of the Court's order.</u>**

IT IS SO ORDERED.

Dated:   **July 22, 2020**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

2